**PIGNATARO v. WATERMAN S. S. CORP. et al.**

No. 109, Docket 22176.

United States Court of Appeals Second Circuit.

Argued Jan. 18, 1952.

Decided Feb. 8, 1952.

Philip F. DiCostanzo, Brooklyn, N. Y., for libellant-appellant; Jacob Rassner, advocate, and Robert Klonsky, New York City, on the brief.

Gay & Behrens, New York City, for respondent-appellee; Edward J. Behrens, New York City, advocate.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

PER CURIAM.

On the night of December 18, 1947, Joseph Pignataro, a longshoreman employed by the Ryan Stevedoring Company, Inc., hereinafter termed Ryan, was working on the main deck of the S.S. Albert K. Smiley, owned by the Waterman Steamship Corporation, hereinafter called Waterman. Pignataro was standing on a hatchboard cover over the No. 1 hatch opening guiding a cable that was being brought up from the 'tween deck. While thus engaged he fell to the floor of the lower hold, a distance of about thirty feet, and sustained serious injuries for which he filed the instant libel against Waterman, which corporation interpleaded Pignataro's employer, Ryan, since the latter was in charge of the loading operations on board ship. Libellant's account of the accident was that his fall was caused when the hatchboard cover on which he was standing broke beneath him because the boards were rotten. His witnesses tended to support this version and, indeed, two of the respondent's witnesses also supported it although their testimony was in conflict with written statements they had made prior to the trial. The respondent did not offer any particular explanation as to how the accident happened but did produce witnesses in the persons of Radigan and Petrosino, who testified in substance that the hatchboard covers were in good condition after the accident and Radigan testified that they were in good condition before the accident occurred. There was conflicting testimony and the trial judge refused to believe the libellant's witnesses indicating in his opinion that their demeanor while testifying gave rise to serious doubts as to their credibility. He concluded that the libellant had not sustained his burden of proving that the cover was defective, which fact was the *sine qua non* of the respondent's liability on the theory that the ship was unseaworthy which libellant advanced at the trial. It is almost superfluous to state that on this record the trial court's findings are not clearly erroneous, and the decree, therefore, is affirmed.